UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Edilamar Erica Barbosa Gomes** ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> Patricia Hyde, Acting Director of Boston Field ) <br> Office, U.S. Immigration and Customs ) <br> Enforcement; Todd Lyons, Acting Director, U.S. ) <br> Immigration and Customs Enforcement; ) <br> Kristi Noem, Secretary of the ) <br> U.S. Department of Homeland Security; **)** <br> ) <br> Respondents. ) <br> _____ ) | Case No. 1:25-cv-11623 <br><br> **PETITION FOR WRIT OF HABEAS CORPUS** <br><br> **ORAL ARGUMENT REQUESTED** |

## **INTRODUCTION**

1. Petitioner, Edilamar Erica Barbosa Gomes, a native and Citizen of Brazil, is the derivative applicant on her daughter's I-914 Application for T Nonimmigrant Status. On June 2, 2025, ICE contacted petitioner to demand that she present herself to the Intensive Supervision Appearance Program ("ISAP") in Burlington, Massachusetts. As she has in the past, she presented herself to the office on June 4, 2025. She was detained during the check-in.

2. Accordingly, to vindicate Petitioner's statutory, constitutional and regulatory rights, this Court should grant the instant petition for a writ of habeas corpus to ensure their continued freedom.

3. Petitioner asks this Court to find that any physical detention of the petitioner would be unlawful and order ICE not to detain her.

## JURISDICTION

4. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

6. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq*., the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

7. Venue is proper because Petitioner is being summoned to the offices of the Intensive Supervision Appearance Program office on behalf of the Immigration and Customs Enforcement ("ICE") in Burlington, Massachusetts.

8. Venue is also proper in this District because Respondents are officers, employees, or agencies of the United States and Petitioners reside in this District no real property is involved in this action; also a substantial part of the events or omissions giving rise to their claims occurred in this District. 28 U.S.C. § 1391(e).

## REQUIREMENTS OF 28 U.S.C. § 2243

9. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

10. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

## PARTIES

11. Petitioner is a derivative applicant for status as the mother of a minor victim of trafficking. She is a native and citizen of Brazil. She is under the direct control of Respondents and their agents.

12. Respondent Patricia Hyde is sued in her official capacity as the Acting Director of the Boston Field Office of U.S. Immigration and Customs Enforcement. Respondent Hyde is a legal custodian of Petitioners and has authority to release them.

13. Respondent Todd M. Lyons is sued in his official capacity as the Acting Director of U.S. Immigration and Customs Enforcement. In this capacity, Respondent Lyons is the head of the federal agency responsible for all immigration enforcement in the United States.

14. Respondent Kristi Noem is sued in her official capacity as the Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent Noem is responsible for the implementation and enforcement of the Immigration and Nationality Act, and oversees U.S. Immigration and Customs Enforcement, the component agency responsible for Petitioner's detention. Respondent Noem is a legal custodian of Petitioners.

## STATEMENT OF FACTS

15. Ms. Barbosa Gomes is a 40 year old wife and mother to two children, all of whom are in the United States. They entered on August 28, 2021 and were apprehended by law

enforcement and placed in removal proceedings. Through prior counsel, they applied for asylum, which was denied by the Immigration Judge on September 20, 2022. Prior counsel appealed the decision, but the Board of Immigration Appeals dismissed the appeal on May 30, 2024. The family's removal orders thus became final with the dismissal of the appeal.

16. Petitioner's daughter is the victim of a severe form of labor trafficking in persons at her restaurant job, where she worked from June 2022 to December 2022. Petitioner's daughter, who was then a minor, applied for T nonimmigrant status as the victim of trafficking and included her parents and younger brother as derivative applicants. Their applications were filed with the United States Citizenship and Immigration Services ("USCIS") on September 3, 2024.

17. Counsel confirmed with ICE in September 2024 that the departure plan for Petitioner and her family had been paused due to the pending T Visa applications. Initially, Petitioner's husband had been outfitted with GPS monitoring but because the device caused him to suffer medical concerns, ICE agreed to allow Petitioner to be fitted with the GPS monitoring.

18. Petitioner and her family received denied bona fide determinations from USCIS, declining to exercise deferred action. These decisions lacked reasoning. Counsel sought reconsideration of the decision, but no response was received.

19. On June 2, 2025, Petitioner received sudden notice from ISAP that she was to present herself at ICE's Intensive Supervision Appearance Program offices in Burlington, Massachusetts on June 4, 2025. She appeared at ISAP on June 4, 2025, complying with their request and was subsequently detained.

**LEGAL FRAMEWORK**

20. T nonimmigrant status is described at 8 U.S.C. §1101(a)(15)(T) as being available to (as relevant here) a noncitizen who has a been a victim of a severe form of trafficking in persons, who is physically present in the United States on account of such trafficking, has complied with any reasonable request for assistance in the Federal, State or local investigation or prosecution of acts of trafficking and would suffer extreme hardship involving unusual or severe harm upon removal. The relevant purpose of this provision and terminology are provided in the Trafficking Victims Protection Act, 22 U.S.C. § 7101-2.

21. Although the T visa is available to noncitizens physically present in the United States, it is not available to those who survived trafficking if he or she is outside of the United States. This is because a core requirement of the T visa classification is that the noncitizen be "physically present … on account of such trafficking." 8 U.S.C. §1101(a)(15)(T)(i)(II). This requirement has been interpreted to include noncitizens who were subject to trafficking in the past and whose presence in the United States is directly related to that victimization "regardless of the length of time that has passed between the trafficking and the filing of the Application for T nonimmigrant status." 8 C.F.R. § 214.207(a)(3)-(4). However, the regulations make clear that departure from the United States, including removal at any time after the act of trafficking renders an individual not present as a result of trafficking. 8 C.F.R. § 214.207(b).

22. A noncitizen is eligible to apply for T nonimmigrant status even if he has a removal order against him. Indeed, to the extent that any immigration history may render a noncitizen

inadmissible, such inadmissibility may be waived by the concurrent (or later) filing of waiver pursuant to 8 U.S.C. §1182(d)(13) and (d)(3)(A)(ii).

23. Under 8 C.F.R. § 214.205(a), USCIS will conduct an initial review to determine if the application is bona fide for all applications filed after August 28, 2024. Per 8 C.F.R. § 214.205(g)(1), if USCIS determines that an application is bona fide, it will stay the execution of any final removal order.

## CLAIMS FOR RELIEF

### COUNT ONE
**Violation of 8 U.S.C. §1101(a)(15)(T) (Immigration and Nationality Act), 22 U.S.C. § 7101-2 (Trafficking Victims Protection Act) and Implementing Regulations**

24. The allegations in the above paragraphs are realleged and incorporated herein.

25. The regulations implementing the Immigration and Nationality Act ("INA") and Trafficking Victims Protection Act ("TVPA") specifically provide that applicants with final orders of removal may file an application for T nonimmigrant status with USCIS. 8 C.F.R. § 214.204(b)(2). The regulations provide that if USCIS determines that the application is bona fide, the final order of removal will be automatically stayed. 8 C.F.R. § 214.204(b)(2)(iii).

26. In implementing the TVPA, ICE has had a policy for nearly 14 years of discouraging enforcement action against those seeking to vindicate their rights under its provision. Actively seeking to detain Petitioner shortly after her daughter, in reliance on the above regulations, reported her experience of labor trafficking to the relevant law enforcement agency and sought T nonimmigrant status violates the TVPA and the INA.

### COUNT TWO
**Violation of the Administrative Procedures Act**

27. The allegations in the above paragraphs are realleged and incorporated herein.

28. The Administrative Procedures Act (APA) forbids agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). A court reviewing agency action "must assess . . . whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment"; it must "examin[e] the reasons for agency decisions—or, as the case may be, the absence of such reasons." *Judulang v. Holder*, 565 U.S. 42, 53 (2011) (quotations omitted).

29. Petitioner's detention and any efforts to remove Petitioner under the facts alleged here, based on her daughter's report of trafficking and where she and her family availed themselves of the procedures for application for T nonimmigrant status and applied for the relevant waiver of any and all inadmissibility grounds applicable, would be arbitrary and capricious under the APA.

## COUNT THREE
### Violation of Fifth Amendment Right to Due Process with regard to liberty

30. The allegations in the above paragraphs are realleged and incorporated herein.

31. Other than as punishment for a crime, due process permits the government to take away liberty only "in certain special and narrow nonpunitive circumstances . . . where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (quotations omitted). Such special justification exists only where a restraint on liberty bears a "reasonable relation" to permissible purposes. *Jackson v. Indiana*, 406 U.S. 715, 738 (1972); see also *Foucha v. Louisiana*, 504 U.S. 71, 79 (1992); *Zadvydas*, 533 U.S. at 690. In the immigration context, those purposes are "ensuring the appearance of aliens at future immigration proceedings and preventing danger to the community." *Zadvydas*, 533 U.S. at 690 (quotations omitted).

32. Those substantive limitations on detention are closely intertwined with procedural due process protections. *Foucha*, 504 U.S. 78-80. Noncitizens have a right to adequate procedures to determine whether their detention in fact serves the purpose of ensuring their appearance or protecting the community. *Id.* at 79; Zadvydas, 533 U.S. 692; *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 949 (9th Cir. 2008). Where laws and regulations fail to provide such procedures, the habeas court must assess whether the noncitizen's immigration detention is reasonably related to the purpose of ensuring her appearance or protecting the community. *Zadvydas*, 533 U.S. at 699.

33. Because Petitioners may be detained without any determination that they pose a danger or flight risk, and because they in fact poses no danger or flight risk, their detention violates due process.

## **PRAYER FOR RELIEF**

Wherefore, Petitioners respectfully request this Court to grant the following:

(1)  Assume jurisdiction over this matter;

(2)  Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(3)  Order that Defendants not remove Petitioner from the Commonwealth of Massachusetts;

(4)  Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment and 8 U.S.C. § 1101(a)(15)(T) (Immigration and Nationality Act), 22 U.S.C. § 7101-2 (Trafficking Victims Protection Act), 8 C.F.R. § 214.000 et seq., 214.205, 214.207(a)-(b), 214.214(b);

(5)  Issue a Writ of Habeas Corpus ordering Respondents to release and not re-detain Petitioner immediately;

(6)  Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and

(7)  Grant any further relief this Court deems just and proper.

                                            Respectfully Submitted
                                            Edilamar Erica Barbosa Gomes, Petitioners
                                            By and through:

                                            s/ Annelise M. Jatoba de Araujo
                                            _____
                                            Annelise M. Jatoba de Araujo
                                            Araujo & Fisher, LLC
                                            75 Federal St, Ste 910
                                            Boston, MA 02110
                                            T: 617-716-6400
                                            C: 419-494-3051
                                            F: 617-716-6403
                                            Counsel for Petitioner

Dated: June 4, 2025

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Petitioner, Edilamar Erica Barbosa Gomes, and submit this verification on her behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 4 day of June, 2025.

s/*Annelise M. Jatoba de Araujo*
Annelise M. Jatoba de Araujo
